UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| LYNDA MISTRIC | CIVIL ACTION |
| VERSUS | |
| AMERICAN NATIONAL PROPERTY AND CASUALTY COMPANY | NO. 17-00539-BAJ-RLB |

**THIS ORDER PERTAINS TO THE FOLLOWING CASES:**

| | |
|---|---|
| *Voncile Brown v. American National Property & Casualty Company,* | 3:17-cv-01127-BAJ-RLB |
| *Terry Kozero, et al., v. American National Property & Casualty Company,* | 3:17-cv-01129-BAJ-RLB |
| *Charlie Castleberry, et al., v. American National Property & Casualty Company,* | 3:17-cv-01138-BAJ-RLB |
| *Judith Henderson, et al., v. American National Property & Casualty Company,* | 3:17-cv-01140-BAJ-RLB |
| *Mary Wunstel, et al., v. American National Property & Casualty Company,* | 3:17-cv-01334-BAJ-RLB |
| *Glenn Turner, et al., v. American National Property & Casualty Company,* | 3:17-cv-01336-BAJ-RLB |
| *Tammy Moss v. American National Property & Casualty Company,* | 3:17-cv-01440-BAJ-RLB |
| *Hidden Creek Condo Association, et al., v. American National Property & Casualty Company,* | 3:17-cv-01539-BAJ-RLB |
| *Kyle Sheets, et al., v. American National Property & Casualty Company,* | 3:17-cv-01656-BAJ-RLB |

**RULING AND ORDER**

These consolidated cases seek recovery from Defendant American National Property and Casualty Company's (ANPAC) for insurance payments allegedly owed resulting from losses caused by the Baton Rouge area Flood of August 2016 (the "Flood"). Now, ANPAC seeks to exclude Plaintiffs' retained expert, Tommy Tompkins. (Doc. 93). Plaintiffs oppose ANPAC's Motion (Doc. 96), and ANPAC has filed a Reply

Memorandum. (Doc. 99).

ANPAC's briefing is carbon-copied from the briefing submitted by Hartford Insurance Company of the Midwest ("Hartford") in its bid to exclude Mr. Tompkins from a related Flood case also pending before this Court, styled *Michelle Botos v. Hartford Insurance Company of the Midwest*, No. 3:17-cv-00495-BAJ-SDJ.[1] On March 3, 2021, the Court denied Hartford's motion to exclude Mr. Tompkins, determining, in sum, that Hartford's complaints went to Mr. Tompkins' credibility and the weight of his expert testimony and analysis, but were not proper bases for excluding him from trial. *See Michelle Botos v. Hartford Insurance Company of the Midwest*, No. 3:17-cv-00495-BAJ-SDJ (Doc. 128) (the "March 3 Order"). The Court's March 3 Order drew substantially from Judge deGravelles' January 28, 2021 Order rejecting yet another insurer defendant's attempt to exclude Mr. Tompkins, in a related Flood case styled *Kenneth Smiley v. New Hampshire Insurance Company*, No. 17-CV-01094-JWD-EWD.

Here, again, the Court has carefully considered the law, the facts in the record, and the arguments and submissions of the parties. ANPAC provides no basis for the Court to depart from its reasoning and analysis in the *Hartford* case, or, for that matter, Judge deGravelles' reasoning and analysis in the *Smiley* case. As such, the Court incorporates by reference its March 3 Order denying Hartford's motion to exclude Mr. Tompkins here. *See Michelle Botos v. Hartford Insurance Company of the Midwest*, No. 3:17-cv-00495-BAJ-SDJ (Doc. 128). ANPAC's Motion will be denied for

---

[1] The fact that ANPAC's briefing is identical to Hartford's is not surprising, perhaps, given that ANPAC and Hartford are each represented by the same attorneys.

the same reasons explained in the March 3 Order.

Accordingly,

**IT IS ORDERED** that ANPAC's **Motion To Exclude Plaintiffs' Retained Expert, Tommy Tompkins, And Request For Hearing (Doc. 93)** is DENIED.

**IT IS FURTHER ORDERED** that the Clerk shall enter a copy of this Order in each of the above-referenced cases to which it pertains.

Baton Rouge, Louisiana, this 15th day of April, 2021

_____
**JUDGE BRIAN A. JACKSON**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**